**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Mardasia Berry,<br><br>      Plaintiff,<br><br>v.<br><br>Quality Asset Recovery, LLC,<br>DTI Investments, Inc, and<br>Hartford Casualty Insurance Company.<br><br>      Defendants. | Civil Action No: 6:20-cv-247<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff MARDASIA BERRY ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM, PLLC, for his Complaint against Defendant QUALITY ASSET RECOVERY, LLC, ("QUALITY") and Defendant DTI Investments, Inc ("DTI"), as follows:

**PREMLIMINARY STATEMENT**

1.    This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA) and for statutory and actual damages, civil penalties damages, court costs, and attorney's fees and costs pursuant to Tex. Prop. Code Ann. § 92.016 *et seq.* ("TPCA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

3.    Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

**PARTIES**

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3).

6. Plaintiff was a "tenant" as defined by Tex. Prop. Code Ann. § 92.001(6) at a property called the Bluffs of Brookside owned and operated by Defendant DTI.

7. Plaintiff allegedly owes a debt (the "Consumer Debt"), for an alleged residential apartment "Lease" on a "Dwelling" at Bluffs of Brookside, as defined by 15 U.S.C §1692a(5) and Tex. Prop. Code Ann. § 92.001(1), and (3).

**Defendant Quality Asset Recovery, LLC:**

8. Defendant QUALITY is a "debt collector" as defined by 15 U.S.C §1692a(6).

9. Defendant QUALITY attempted to collect the Consumer Debt from Plaintiff.

10. Defendant QUALITY's registered agent for service of process is Corporation Service Company, located at 211 E. 7th Street, Austin, TX 78701.

11. Defendant QUALITY regularly collects, or attempts to collect debts from Consumers in Texas.

12. Defendant QUALITY engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

13. Defendant QUALITY acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, and representatives.

14. At all times material hereto, Defendant QUALITY was acting as a debt collector in respect to the collection of Plaintiff's debts.

**Defendant DTI Investments, Inc.:**

15. DTI Investments, Inc. is the "Current Creditor" of the Consumer Debt.

16. Defendant DTI is a "Landlord" as defined by Tex. Prop. Code Ann. § 92.001(2).

17. Defendant DTI's registered agent for service of process is T Michael Ballases, located at 5051 Westheimer Rd, Ste. 1200, Houston, TX 77056.

**Defendant Hartford Casualty Insurance Company**

18. Defendant Hartford Casualty Insurance Company ("Hartford") is an indemnity for Defendant Quality.

19. Defendant Hartford is an insurance company that conducts business in Texas and can be served with service of process at CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

20. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

21. The obligation arose out of a transaction involving a debt allegedly incurred by Plaintiff for a residential apartment lease from DTI, the funds which were used primarily for personal, family or household purposes.

22. On or about June 1, 2017, Plaintiff became a victim of domestic/family violence.

23. On June 5, 2017, Plaintiff notified the Bluff's of Brookside and DTI of the domestic/family violence and her intention to vacate the premises.

24. On June 9, 2017, Plaintiff vacated her apartment and gave notice to DTI and provided a forwarding address.

25. On July 17, 2017, DTI accelerated the remaining payments due on the lease and added thousands of dollars in fees, charges, and interest. See Exhibit A, a true and correct copy of the Final Account Statement.

26. DTI did not mail Plaintiff any communication which demanded payment in full within 10 days otherwise Plaintiff would be liable for all collection fees and charges.

27. However, on October 1, 2019, DTI added $1,232.12 in collection charges and $912.60 for interested to the Consumer Debt.

28. On or about October 30, 2019, Quality reported the debt on Plaintiff's credit reports as a $4,312 past due collections account.

29. During the last week on November, 2019, Quality made several phone calls to Plaintiff demanding payment of the Consumer Debt, and Plaintiff provided Quality's representative Gordon Lee with her current address.

30. Quality did not mail Plaintiff any collection letters within 5 business days following the first November, 2019 phone call.

31. On December 21, 2019, Plaintiff made a partial payment on the Consumer Debt of $363.43. However, Plaintiff stopped all payments and demanded validation of the Consumer Debt because she disagreed with the balance.

32. On February 10, 2020, Plaintiff mailed Quality a debt validation and cease and desist letter.

33. On February 23, 2020, Plaintiff's victim advocate Ms. Ayana Cobb, faxed DTI a letter attesting that Plaintiff was victim of domestic violence and that the charges, rent, and fees assessed to Plaintiff were in violation of the Tex. Prop. Code Ann. § 92.016.

34. On March 17, 2020, Plaintiff filed complaints against Quality with BBB and Consumer Financial Protection Bureau ("CFPB").

35. On March 18, 2020, Quality responded back to Plaintiff's BBB and CFPB complaints refusing to adjust the balance.

36. Plaintiff has exhausted all non-judicial remedies and Defendants have refused to adjust the unauthorized charges, interest, penalties and fees.

37. As a result of Defendant QUALITY's deceptive and misleading debt collection practices, Plaintiff has suffered mental anguish, loss of time, out of pocket expenses, and also an information injury as to her rights as her damages.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e & §1692f** *et seq. against Defendant QUALITY*

38. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

39. Defendant QUALITY's debt collection efforts against Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e and §1692f.

40. Under 15 U.S.C. § 1692e a debt collector:

    may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

    1. The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2);

    2. Communicating or threatening to communicate to any person credit information which is known or should have been known to be false 15 U.S.C. §1692e(8); and

    3. The use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §1692e(10).

41. Under 15 U.S.C. §1692f a debt collector:

may not use unfair or unconscionable means to collect or attempt to collect any debt.

1. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(1).

42. By reason thereof, Defendant Quality has violated the FDCPA and is liable to the Plaintiff for actual and statutory damages, costs, and attorney's fees.

### PRAYER FOR RELIEF

43. **WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant Quality for:

(1) Actual damages plus statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

(2) Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3);

(3) Such other or further relief as the Court deems proper.

### COUNT II
### VIOLATIONS THE TEXAS PROPERTY CODE
### TEX. PROP. CODE ANN. § 92 *ET SEQ.* AGAINST DEFENDANT DTI

44. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

45. Tex. Prop. Code §92.016 reads:

RIGHT TO VACATE AND AVOID LIABILITY FOLLOWING FAMILY VIOLENCE. (a) For purposes of this section:

    (1)  "Family violence" has the meaning assigned by Section 71.004, Family Code.
    (2)  "Occupant" means a person who has the landlord's consent to occupy a dwelling but has no obligation to pay the rent for the dwelling.
 (b)  A tenant may terminate the tenant's rights and obligations under a lease and may vacate the dwelling and avoid liability for future rent and any other sums due under the lease for terminating the lease and vacating the dwelling before the end of the lease term if the tenant complies with Subsection (c).
 (b-1)  A tenant may obtain relief under Subsection (b) if the tenant provides the landlord or the landlord's agent:(2) a copy of documentation of the family violence against the tenant or an occupant from: (C) an advocate as defined by Section 93.001, Family Code, who assisted the victim.
 (c)  A tenant may exercise the rights to terminate the lease under Subsection (b), vacate the dwelling before the end of the lease term, and avoid liability beginning on the date after all of the following events have occurred:
    (1)  a judge signs an order described by Subsection (b-1)(1) if the tenant obtained such an order;
    (2)  the tenant provides a copy of the relevant documentation described by Subsection (b-1)(1) or (2), as applicable, to the landlord;
    (3)  the tenant provides written notice of termination of the lease to the landlord on or before the 30th day before the date the lease terminates;
    (4)  the 30th day after the date the tenant provided notice under Subdivision (3) expires; and
    (5)  the tenant vacates the dwelling.

46. Plaintiff was a victim of "Family Violence" and an "Occupant" as defined by §92.016.

47. By reason thereof, Defendant DTI violated the Tex. Prop. Code §92.016, when DTI unlawfully accelerated all remaining payments due on the lease, added unauthorized charges, penalties, and fees, and send Plaintiff into collections.

## **PRAYER FOR RELIEF**

48. For these reasons, the Defendant DTI is liable to the Plaintiff under §92.0563 for:

 a. A judgment for one month's rent plus $500;

 b. A judgment for the amount of Plaintiff's actual damages;

   c. Plaintiff's court costs and attorney's fees.

## DEMAND FOR TRIAL BY JURY

  51. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: March 29, 2020       Respectfully Submitted,

              **SHAWN JAFFER LAW FIRM PLLC**

              /s/ *Shawn Jaffer*_____.
              Shawn Jaffer
              TX Bar No.: 24107817
              11625 Custer Rd, Suite 110-376
              Frisco, TX 75035
              Phone: 214-494-1668
              E-mail: shawn@jaffer.law
              *Attorney for Plaintiff Mardasia Berry*